IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES ENVIRONMENTAL SERVICES, LLC | PLAINTIFF |
| v. | CIVIL ACTION NO. _____ |
| EMERGENCY RESPONSE AND TRAINING SOLUTIONS, INC., and R+L CARRIERS, INC. | DEFENDANTS |

## PLAINIFF'S ORIGINAL COMPLAINT

Plaintiff, United States Environmental Services, LLC, files this Complaint against Defendants, Emergency Response and Training Solutions, Inc., and R+L Carriers, Inc., and in support thereof, Plaintiff states as follows:

## I.
## PARTIES

1. Plaintiff, United States Environmental Services, LLC ("USES"), is a Louisiana limited liability company.

2. The sole member of USES is a Delaware corporation with its principal place of business in Houston, Texas. Accordingly, USES is a citizen of Delaware and Texas for diversity jurisdiction purposes.

3. Emergency Response and Training Solutions, Inc. ("ERTS"), is an Ohio corporation with its principal place of business at 6001 Cochran Road, Suite 300, Solon, Ohio 44139. ERTS may be served with process by serving its registered agent, Cogency Global Inc., 3958-D Brown Park Drive, Hilliard, Ohio 43026.

4. Defendant, R+L Carriers, Inc. ("R+L Carriers") is an Ohio Corporation, with its principal place of business at 600 Gillam Road, Wilmington, Ohio 45177. R+L Carriers may be

served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## II.
## JURISDICTION & VENUE

5. Federal subject matter jurisdiction exists in this action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the $75,000, minimum amount for federal jurisdiction, exclusive of interest and costs.

6. This Court has personal jurisdiction over ERTS because ERTS contractually consented to such jurisdiction, and USES's claims against ERTS either arise from USES's services performed in Houston, Texas, or share the same nucleus of operative fact as those claims.

7. This Court has personal jurisdiction over R+L Carriers because USES's claims arise from USES's services performed at R+L Carriers' Houston, Texas facility, or share the same nucleus of operative fact as those claims.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendants reside in Texas and a substantial part of the events or omissions giving rise to USES's claims occurred in this judicial district.

## III.
## FACTUAL BACKGROUND

9. On February 29, 2012, USES executed a services agreement (the "Agreement") with ERTS, whereby USES agreed to perform emergency environmental remediation services on behalf of ERTS throughout South Texas and the Southeastern United States. Exhibit A, ERTS Agreement. Although the Agreement states that ERTS would act only as an agent for its customers and would not be liable for the debts or obligations of ERTS's customers, ERTS

2

agreed to "use its best efforts to cause its Customers to pay [USES] for the labor and material [USES] furnishes . . . ." Ex. A §§ 1.2, 2.2. The Agreement required USES to send its invoices for services to ERTS, which would then forward the invoices to the relevant customers. Ex. A § 2.2.

10. In July 2016, ERTS requested that USES to perform remediation services for ERTS's customer, R+L Carriers. R+L Carriers' Work Authorization with ERTS gave R+L Carriers "final authority" for the selection of contractors and the scope of work. Exhibit B, R+L Carriers' Work Authorization § 3.2. The Work Authorization also provides that "ERTS shall review all Contractor billings and forward same to [R+L Carriers] who shall pay all Contractors directly." Ex. B § 3.3(c).

11. Between August 2016 and April 2017, USES visited R+L Carriers' Houston facility nine (9) times to perform cleanup operations. R+L Carriers never once objected to USES's services, and accepted the full benefit from same. USES sent R+L Carriers ten (10) invoices totaling $15,735.23 for the work performed in Houston. Exhibit C, USES Invoices for Texas Services. Further, over the twelve-month period beginning in July 2016, USES invoiced R+L Carriers a total of $86,551.31 for services that USES provided on multiple occasions throughout the Southeastern United States and Texas. All of these invoices remain unpaid.

12. On October 6, 2017, R+L Carriers' counsel informed USES that R+L Carriers had repeatedly requested backup documentation for USES's invoices from ERTS, which ERTS failed and refused to provide. Exhibit D, Oct. 6, 2017 Correspondence. As a result, R+L Carriers disclaimed liability for the amounts owed to USES for services performed for R+L Carriers. Ex. D. On December 13, 2017, USES formally demanded payment of the outstanding invoices from both ERTS and R+L Carriers. Exhibit E, Dec. 13, 2017 Correspondence. ERTS and R+L Carriers made circular allegations against each other and failed and refused to pay the amounts

3

owed. USES brings this suit to recover the amounts owed on the outstanding invoices, as well as interest and USES's attorneys' fees and expenses incurred pursuing this debt.

## IV.
## COUNT ONE: BREACH OF CONTRACT

13. Plaintiff hereby incorporates by reference paragraphs 1 through 12 as though set forth herein in their entirety in support of Plaintiff's causes of action.

14. The Agreement is a valid and enforceable agreement between USES and ERTS. Under Section 2.2 of the Agreement, ERTS agreed to use its best efforts to ensure that R+L Carriers paid USES for USES's services. ERTS breached the Agreement by failing to provide all requested documentation to R+L Carriers in a timely fashion, resulting in R+L Carriers' refusal to pay the amounts owed to USES. To date, ERTS has failed and refused to provide the proper documentation to R+L Carriers. As a result, USES been damaged in the amount of $86,551.31, in addition to interest and the attorneys' fees and expenses incurred pursuing the debt.

## V.
## COUNT TWO: QUANTUM MERUIT

15. R+L Carriers is liable for the amounts owed on USES's outstanding invoices under the equitable theory of quantum meruit. USES provided valuable environmental cleanup services to R+L Carriers on numerous occasions and reasonably expected R+L Carriers to pay for the services. R+L Carriers accepted and benefited from USES's cleanup services, and had reasonable notice that USES expected to be paid in full for the services. Therefore, R+L Carriers should pay USES the $86,551.31 owed under the outstanding invoices.

## VI.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

16. USES seeks recovery of pre-judgment and post-judgment interest on all amounts awarded at the maximum rate permitted by law.

## VII.
## ATTORNEYS' FEES

17.     USES is entitled to recover the attorneys' fees, expenses and costs it has incurred prosecuting its claim for breach of contract and quantum meruit. Tex. Civ. Prac. & Rem. Code § 38.001. Further, the Agreement provides that USES is entitled to recover its attorneys' fees in the event litigation is necessary to enforce the Agreement. Ex. A § 15.5. Accordingly, USES requests the Court order Defendants to pay USES's attorneys' fees, expenses and costs incurred prosecuting its breach of contract claim.

## VIII.
## CONDITIONS PRECEDENT

18.     All conditions precedent have been performed or have occurred.

## IX.
## PRAYER

Plaintiff, United States Environmental Services, LLC, respectfully requests that Defendants, Emergency Response and Training Solutions, Inc., and R+L Carriers, Inc., be cited to appear and answer herein, and that, upon trial of this cause, the Court award Plaintiff judgment against Defendants as follows:

    i.    a judgment against Defendant for $86,551.31 in actual damages;

    ii.    court costs and attorneys' fees;

    iii.    pre- and post-judgment interest at the maximum lawful rate;

    iv.    and such other and further relief, in law and in equity, to which it may be entitled.

                **Respectfully submitted,**

                **WINSTEAD PC**

By:   */s/ Kyle R. Watson*
       Kyle R. Watson *\*attorney in charge*
       State Bar No. 24047078
       Southern Dist. of Texas Bar No. 572417
       Rusty D. Sewell
       Southern Dist. of Texas Bar No. 2469184
       State Bar No. 24073590
       24 Waterway, Suite 500
       The Woodlands, Texas 77380
       281-681-5900 – Telephone
       281-681-5901 – Facsimile
       krwatson@winstead.com

                **ATTORNEYS FOR PLAINTIFF**